# New York Life Insurance Company v. Guaranty Corporation

*Ralph S. Croskey*, for plaintiff; *Robert T. McCracken*, for defendant.

STERN, P. J., January 30, 1935.—On June 4, 1934, plaintiff entered judgment against defendant in the sum of $1,387,807.30 on a bond secured by mortgage. On a writ of execution there was a sheriff's sale on July 2, 1934, and defendant's real estate was sold to the plaintiff for the sum of $75. On December 31, 1934, plaintiff filed a petition to fix the fair value of the property in accordance with the Act of January 17, 1934, P. L. 243, and on that same date presented said petition to the court, which fixed a hearing thereon for January 28, 1935.

A copy of the petition was served upon the defendant the day it was presented to the court, namely, December 31, 1934. The defendant filed a petition to strike off the plaintiff's petition, on the ground that the plaintiff had not given to the defendant "at least ten days' notice of the presentation of such petition", as required by section 1 of the act. The present argument is on the defendant's petition to strike off the plaintiff's petition.

The question arises what is meant by the provision of the act that "at least ten days' notice of the presentation of such petition shall be given to the defendant"? It is theoretically possible to ascribe to it one of three meanings, namely, that it was meant to require that 10 days' notice be given to the defendant before plaintiff presents the petition to the court for the fixing of a hearing, or that at least 10 days' notice should be given to the defendant after the petition has been thus presented (the notice being of the fact of such presentation), or that at least 10 days' notice should be given to the defendant prior to the hearing on the petition.

It is not necessary to discuss the second of these suggested possibilities, because it is hardly reasonable to suppose that the phrase "at least ten days' notice" could apply to notice given after presentation of the petition. The phrase "at least" must refer to a notice of a future event and not to a past happening; what would it mean to say that "at least ten days' notice" must be given of a past event? At any rate, if notice of the presentation had to be given at any time after such presentation, such notice was given to the defendant in the present case.

The real question seems to be whether the 10 days' notice is to be in advance of the presentation of the petition or of the hearing thereon. While it might seem more reasonable to suppose that the legislature intended the notice to be given of the hearing, nevertheless the fact cannot be disregarded that the word actually used is "presentation". Lawyers, and presumably legislators, ordinarily know the difference between the presentation of a petition and a hearing thereon. When an attorney asks the court to allow a rule or to fix a time for hearing, he "presents" the petition to the court for such purpose. Had it been intended to fix the amount of notice required for a hearing there is no reason why the act should not have so stated, instead of providing for 10 days' notice of the presentation of the petition.

The court, therefore, concludes that while the phraseology is ambiguous, it would seem sufficiently clear that when a party files a petition to determine the fair value he must give 10 days' notice to the other party that the petition will be presented to the court for the purpose of having the time of a hearing thereon fixed. The purpose of such notice is revealed in the last paragraph of section 1, which is to the effect that "any party may, during the period of notice required by this act, demand a jury trial".

It is obvious that if either party does demand a jury trial (to which he is entitled under the act as a matter of right), there is no reason for the court to fix a time for hearing on the petition. When the petition is filed and at least 10 days' notice is given to the other side that it will be presented to the court for the fixing of a hearing, the other party may, during that minimal 10 days' period, demand a jury trial, in which case the court loses the power to proceed to a hearing on the petition.

The court decides, therefore, that the plaintiff did not give to the defendant the notice required by the act. It is true that the plaintiff avers that in June, 1934, its attorney notified the defendant's attorney that the plaintiff contemplated filing a petition within 6 months from the date when the property would be sold. It seems clear, however, that such notice cannot be deemed to meet the requirements of the act. The act obviously refers to a notice to be given after the sale of the real estate; indeed it refers entirely to proceedings to be taken after such sale. If the plaintiff's alleged notice were to be regarded as adequate, it would follow that when a bond and mortgage are first executed the mortgagee could state to the mortgagor that if a judgment were ever entered on the bond, a sale thereunder had, and a sum realized at such sale insufficient to pay the judgment, the mortgagee had in mind, within 6 months after such sale, to file a petition to fix the fair value. This would clearly be an absurdity, especially when it is remembered that until a sheriff's sale is had and it is ascertained what the property actually brings at such sale it would be impossible to know whether a petition to fix the fair value could or should be filed.

There remains, however, another question to be considered, and that is whether, if the court is correct in concluding that the plaintiff in the present case did not give the notice required by the act, it should be penalized for such failure by having its petition to fix the fair value stricken from the record.

When it is realized that the judgment in the present case is over a million dollars, that the property brought only $75 at the sheriff's sale, and that the effect of striking off the plaintiff's petition would be to prevent it from obtaining any recovery whatever against the defendant even to the extent of a deficiency in the value of the property as compared with the amount of the judgment, it is obvious that it becomes a serious question whether the failure to give the notice required by the act should be held to bring about such a drastic result. It is true that in the case of the mechanics' lien laws it has been uniformly held that a failure to give the notices required by the statute invalidates the lien. These decisions, however, are based upon the fact that the right to file a mechanics' lien exists only by statute, and in order to obtain the benefit of the statute the claimant must faithfully follow its provisions. In a situation such as the present the statute does not give the plaintiff any rights. On the contrary it deprives him of a right which he otherwise would enjoy, namely, to recover from the defendant the entire difference between the amount of the judgment and the amount realized from the sheriff's sale. If he fails within 6 months to file a petition to fix the fair value he is penalized by being deprived of his right to recover from the defendant at all. It is the defendant who is given new and valuable rights by the act.

As has already been pointed out the only object of requiring the 10 days' notice is to enable the other party to demand a jury trial. By the failure of the plaintiff in the present case to give such notice the defendant was not in any way harmed, unless it be that it intended to ask for a jury trial prior to the time for fixing a hearing. In its answer, however, the defendant does not allege that it intended to ask for a jury trial or even that it now desires one. Indeed, if it does desire a jury trial there is no reason why it cannot now be given such right. A fair and equitable construction of the act would seem to be that if the required 10 days' notice be not given prior to the presentation of the petition, the other party should not thereby be deprived of his right to demand a jury trial, but should continue to have that right for a period of 10 days after notice is actually given to him of the fact that the petition was presented, even though meanwhile the time for a hearing thereon may have been fixed on the ex parte application of the petitioner.

While, therefore, the court is of opinion that the plaintiff did not give the notice which it should have given under the terms of the act, it concludes that nevertheless the plaintiff should not be penalized for such failure by having its petition to fix the fair value stricken from the record and thereby entirely nullified. The defendant's petition, praying that plaintiff's petition be stricken off, is therefore dismissed, without prejudice to defendant's right to demand a jury trial, which right, for purposes of the present case and because of the bona fide uncertainty of the parties in regard to the proper construction of the act, may be exercised within 10 days from the date hereof.